UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RADENKO ZEKANOVIC,

    Plaintiff,

v.                                    Case No: 8:22-cv-1968-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER

Plaintiff Radenko Zekanovic seeks judicial review of the denial of his claims for a period of disability and disability insurance benefits. As the Administrative Law Judge's (ALJ) decision was based on substantial evidence and employed proper legal standards, the decision is affirmed.

## BACKGROUND

### A.  Procedural Background

Plaintiff filed an application for a period of disability and disability insurance benefits on January 4, 2021. (Tr. 15, 61, 65, 183, 186–92.) The Commissioner denied Plaintiff's claims both initially and upon reconsideration. (Tr. 15, 50–70.) Plaintiff then requested an administrative hearing. (Tr. 15, 94–95.) Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified. (Tr. 30–49.) Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not

disabled and accordingly denied Plaintiff's claims for benefits. (Tr. 15–25.) Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied. (Tr. 1–6, 181–82.) Plaintiff then timely filed a complaint with this court. (Dkt. 1.) The case is now ripe for review under 42 U.S.C. § 405(g).

**B.  Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1972, claimed disability beginning on August 1, 2020. (Tr. 50, 183, 201, 208, 280.) Plaintiff has a high school education and past relevant work experience as a taxi driver and tractor trailer truck driver. (Tr. 24, 45, 212.) Plaintiff alleged disability due to anxiety and panic attacks. (Tr. 19–20, 51, 66, 211, 280.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity during the period from his alleged onset date of August 1, 2020 through his date last insured of September 30, 2021. (Tr. 17.) After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: anxiety, depression, and post-traumatic stress disorder. (Tr. 17.) Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 17–19.) The ALJ then concluded that Plaintiff retained a residual functional capacity (RFC) to perform work as follows:

> a full range of work at all exertional levels but with the following non-exertional limitations: The claimant is able to understand, remember, carryout and perform simple

> routine tasks and instructions with reasoning level 1 or 2, occasional interaction with the public, coworkers, and supervisors, and occasional changes in work setting.

(Tr. 19.)  In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record.  (Tr. 19–23.)

Considering Plaintiff's noted impairments and the assessment of a vocational expert (VE), the ALJ determined that Plaintiff could not perform his past relevant work.  (Tr. 23–24, 45–46.)  Notwithstanding, given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as cleaner housekeeper, cleaner II, and order picker.  (Tr. 24–25, 46.)  Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled.  (Tr. 25.)

## APPLICABLE STANDARDS

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 423(d)(1)(A).  A "physical or mental impairment" is

an impairment that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  42 U.S.C. § 423(d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect.  These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. § 404.1520.  If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary.  20 C.F.R. § 404.1520(a).  Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and (4) whether the claimant can perform his or her past relevant work.  If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the claimant's age, education, and work experience.  20 C.F.R. § 404.1520(a).  A claimant is entitled to benefits only if unable to perform other work.  *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 404.1520(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards.  *See* 42 U.S.C. § 405(g).  Substantial evidence is "such relevant evidence as

a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Hum. Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## ANALYSIS

Plaintiff challenges the ALJ's decision and argues that remand is warranted because the ALJ's decision was not supported by substantial evidence. (Dkt. 13 at 3.) Specifically, Plaintiff argues that it was error for the ALJ to find that Plaintiff had moderate limitations in concentration, persistence, or pace, but then omit these

limitations in the RFC finding and hypothetical question to the VE. (*Id.* at 7–11.) For the reasons that follow, Plaintiff's contention does not warrant reversal.

The RFC is the most a claimant is still able to do despite the limitations caused by his impairments. 20 C.F.R. § 404.1545(a); *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). To determine an individual's RFC, an ALJ assesses all the relevant medical and other evidence in the case and considers a claimant's ability to meet the "physical, mental, sensory, and other requirements of work." 20 C.F.R. § 404.1545(a)(1), (a)(4). Under Social Security Ruling (SSR) 96-8p, the RFC assessment must first "identify the individual's functional limitations or restrictions and assess his or her work-related activities on a function-by-function basis" before expressing the RFC "in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." Soc. Sec. Admin., *Titles II & XVI: Assessing Residual Functional Capacity in Initial Claims*, SSR 96-8p, at *1 (July 2, 1996), *available at* 1996 WL 374184.

If a claimant is no longer able to perform past relevant work, the burden shifts at step five of the sequential evaluation process to the Commissioner to show that the claimant can perform other jobs that "exist in significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(1); *see also Barnhart v. Thomas*, 540 U.S. 20, 25 (2003). The ALJ may determine whether the claimant has the ability to adjust to other work in the national economy by using a VE. *Phillips*, 357 F.3d at 1240.

When using a VE, the hypothetical posed to the VE must account for all of the claimant's impairments to constitute substantial evidence. *Wilson*, 284 F.3d at 1227; *see also Jones v. Apfel*, 190 F.3d 1224, 1230 (11th Cir. 1999). However, questions meet

this requirement when they "implicitly account[] for the claimant's limitations." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1269 (11th Cir. 2015) (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180–81 (11th Cir. 2011)).  Further, the hypothetical question does not need to include limitations or impairments properly rejected by the ALJ.  *Barclay v. Comm'r of Soc. Sec. Admin.*, 274 App'x 738, 742 (11th Cir. 2008); *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1270 (11th Cir. 2007) (citing *Wilson*, 284 F.3d at 1227).

In support of his argument that the ALJ posed an incomplete hypothetical question to the VE based on the assessed RFC, Plaintiff relies primarily on the Eleventh Circuit's rulings in *Winschel* and *Richter v. Comm'r of Soc. Sec.*, 379 F. App'x 959 (11th Cir. 2010).  Plaintiff's reliance on these cases, however, is misplaced.

In *Richter v. Comm'r of Soc. Sec.*, the ALJ found the claimant to have psychological impairments that produced moderate difficulties in his ability to sustain concentration, persistence, or pace. 379 F. App'x at 959.  However, when the ALJ proceeded to step five of the sequential evaluation process, the ALJ did not specifically include in the hypothetical question to the VE any limitation regarding the claimant's deficiencies in maintaining concentration, persistence, or pace, despite the ALJ's finding that the claimant had moderate limitations in this area.  *Id.*  Rather, the hypothetical question restricted the VE's inquiry to unskilled jobs.  *Id.* at 961.  After receiving the VE's testimony, the ALJ ultimately found that the claimant had the ability to perform work in various unskilled jobs.  *Id.*  In the unpublished decision, a panel of the Eleventh Circuit held that the ALJ's failure to include all of the claimant's

impairments in the hypothetical posed to VE was not harmless where the hypothetical did not implicitly account for the claimant's deficiencies in concentration, persistence, and pace, and there was no medical evidence that the claimant retained the ability to perform simple, repetitive, and routine tasks or unskilled labor. *Id.* at 962.

In *Winschel v. Comm'r of Soc. Sec.*, the Eleventh Circuit addressed the issue of whether an ALJ's hypothetical question to a VE adequately accounted for the plaintiff's moderate difficulties in concentration, persistence, or pace. 631 F.3d at 1180–81. As recounted in the published decision, after finding the claimant to have a moderate limitation in concentration, persistence, and pace, the ALJ limited the claimant to a range of light, unskilled work. *Id.* at 1181. However, when presenting the hypothetical to the VE, the ALJ did not account for the moderate mental limitation. *Id.* As a result, the Eleventh Circuit reversed and remanded the ALJ's decision, noting that while the "ALJ determined at step two that [the claimant's] mental impairments cause a moderate limitation in maintaining concentration, persistence, and pace," the ALJ did "not indicate that medical evidence suggested [the claimant's] ability to work was unaffected by this limitation, nor did he otherwise implicitly account for the limitation in the hypothetical." *Id.* As such, the Court concluded that the hypothetical question was incomplete, and that the VE's testimony did not constitute substantial evidence in support of the ALJ's decision. *Id.* Thus, *Winschel* provides that (1) when medical evidence demonstrates that the claimant's ability to work is unaffected by his limitations in maintaining concentration, persistence, and pace, limiting the hypothetical to the type of work he can perform

sufficiently accounts for such limitations, or, (2) the hypothetical is complete if it otherwise implicitly accounts for the limitations. *Id.* at 1180–81.

Since its decision in *Winschel*, the Eleventh Circuit has issued several unpublished opinions that recognize limiting an individual to simple, unskilled work, when the medical evidence demonstrates the ability to perform such work, sufficiently accounts for a moderate limitation in concentration, persistence, or pace. *See Mijenes v. Comm'r of Soc. Sec.*, 687 F. App'x 842, 846 (11th Cir. 2017) (finding that "[b]ecause the medical evidence showed that [the claimant] could perform simple, routine tasks despite her limitations in concentration, persistence, and pace, the ALJ's limiting of [the claimant's RFC] to unskilled work sufficiently accounted for her moderate difficulties in concentration, persistence, and pace"); *Duval v. Comm'r of Soc. Sec.*, 628 F. App'x 703, 713 (11th Cir. 2015) ("[T]he ALJ accounted for [the claimant's] moderate limitations in concentration, persistence, or pace by limiting him to simple, routine, and repetitive tasks, which medical evidence showed he could perform."); *Timmons v. Comm'r of Soc. Sec.*, 522 F. App'x 897, 907 (11th Cir. 2013) ("An ALJ's hypothetical question restricting the claimant to simple and routine tasks adequately accounts for restrictions related to concentration, persistence, and pace where the medical evidence demonstrates that the claimant retains the ability to perform the tasks despite limitations in concentration, persistence, and pace.").

Here, at steps two and three of the sequential evaluation process, the ALJ evaluated the severity of Plaintiff's mental impairments by performing a special procedure found in 20 C.F.R. § 404.1520a, which is often referred to as the psychiatric

review technique.[1] (Tr. 17–19.) In applying this technique, the ALJ found Plaintiff had moderate limitations in, among other mental function categories, maintaining concentration, persistence, and pace.[2] (Tr. 18–19.) In making this finding, the ALJ relied upon the subjective complaints Plaintiff provided to the SSA (Tr. 225–32, 242–49), as well as what was noted in Plaintiff's medical evidence (Tr. 18). Specifically, the ALJ stated:

> The claimant alleged that he has difficulty focusing and concentrating due to anxiety and panic attacks, although he confirmed that he is able to concentrate, persist, and maintain pace well enough to perform some household chores, perform personal care, shop, watch television, drive, and follow short instructions (Ex. 4E, 7E). Turning to the medical evidence, the claimant reported occasional symptoms that could interfere with his function in this area, like hyperalertness and panic. He also demonstrated circumstantial, albeit goal-directed, organized, and logical thought processes on longitudinal examinations, as well as occasional restlessness (Ex. 2F/1-4, 5-8, 9-12, 3F, 7F/1-4), as discussed in Finding 5. Thus, the undersigned finds that the claimant has a moderate limitation in this area.

(Tr. 18.) After completing his discussion regarding Plaintiff's mental functioning, the ALJ expressly stated that his RFC assessment reflects the degree of mental limitations that he "found in the 'paragraph B' mental function analysis." (Tr. 19.) Thus, the

---

[1] This technique requires the ALJ to examine the claimant's functional limitation in the following four areas commonly known as "paragraph B criteria": (1) ability to understand, remember, or apply information; (2) interaction with others; (3) concentration, persistence, and pace; and (4) ability to adapt or manage oneself. 20 C.F.R. § 404.1520a(c)(3). The ALJ must rate the claimant's degree of functional limitation in each area on a five-point scale: none, mild, moderate, marked, and extreme. 20 C.F.R. § 404.1520a(c)(4).

[2] "Concentration, persistence, or pace refers to the claimant's ability to sustain focused attention and concentration sufficiently long enough to permit him to timely and appropriately complete tasks that are commonly found in work settings." *Jacobs v. Comm'r of Soc. Sec.*, 520 F. App'x 948, 950 (11th Cir. 2013) (citing 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00(C)(3)).

ALJ acknowledged that he considered and incorporated his prior findings into his RFC determination.

When assessing Plaintiff's RFC, the ALJ repeatedly discussed Plaintiff's mental limitations. Indeed, the ALJ began his RFC discussion by noting that Plaintiff's reported symptoms included problems focusing, paying attention, interacting with others, and managing stress and changes in routine. (Tr. 20.) Nevertheless, the ALJ found that Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record. (Tr. 20.) The ALJ then proceeded to review the medical evidence, noting the lack of specialized mental health treatment until 2021, and moreover, that Plaintiff's "mental status examination findings remained largely unremarkable." (Tr. 20–21.) After reviewing the medical evidence, the ALJ provided the following conclusions:

> Thus, the medical evidence confirms that the claimant has several mood and trauma disorders that moderately affect his ability to interact with others, concentrate, persist, and maintain pace, and adapt or manage himself, but it does not support the claimant's allegations of disabling symptoms and limitations.
>
> Furthermore, the claimant reported that he is able to perform essentially all activities of daily living, like perform personal care, prepare simple meals daily, complete housework, drive, shop in stores, manage money, watch television, go to appointments, go places alone, follow short instructions, live with his family, and go to the gym (Ex. 4E, 7E, 2F), which is relatively inconsistent with his allegations of total disability.

> Thus, while the record is clear that the claimant has some symptoms related to his conditions, it does not support claimant's allegations of further limitations.
>
> Accordingly, to account for the claimant's psychologically based symptoms and mental functioning limitations, the undersigned finds that the claimant is only able to understand, remember, carryout and perform simple routine tasks and instructions with reasoning level 1 or 2, occasional interaction with others, and occasional changes in work setting.

(Tr. 22.) Indeed, Plaintiff's RFC includes the following non-exertional limitations: "The claimant is able to understand, remember, carryout and perform simple routine tasks and instructions with reasoning level 1 or 2, occasional interaction with the public, coworkers, and supervisors, and occasional changes in work setting." (Tr. 19.) As such, the court finds that the ALJ adequately accounted for Plaintiff's mental limitations in the RFC.

Substantial evidence supports the ALJ's determination that Plaintiff could perform simple routine tasks and instructions with reasoning level 1 or 2 despite limitations in maintaining concentration, persistence, or pace. Specifically, while the medical evidence documents Plaintiff's history of anxiety, panic attacks, post-traumatic stress disorder, and depression, the records further demonstrate that Plaintiff's mental status examinations revealed consistent notations of appropriate dress; adequate grooming and hygiene; cooperative behavior; good eye contact; mood congruent; goal directed, organized, and logical thought processes; no abnormal thought content; future oriented thought content; fair insight; and grossly intact cognitive functioning. (Tr. 315–16, 319–20, 323–24, 328–29, 345–46.) Other records

from his primary care provider further indicated Plaintiff routinely had normal mood and affect upon examination and required only conservative treatment. (Tr. 21, 333–34, 338, 341.) Lastly, state agency consultants George Grubbs, Psy.D., and Jessy Sadovnik, Psy.D., both found Plaintiff to have a mild limitation in his ability to concentrate, persist, and maintain pace, which as noted above, was less limiting than what the ALJ assessed. (Tr. 23, 55, 68.) As such, the ALJ properly accounted for Plaintiff's moderate limitations in concentration, persistence, and pace by incorporating in the RFC the limitation of simple routine tasks and instructions with reasoning level 1 or 2.

Finally, the ALJ incorporated the limitation of simple routine tasks and instructions with reasoning level 1 or 2 in the hypothetical to the VE, which as noted above, is supported by the medical evidence. Therefore, the ALJ's hypothetical question to the VE, which is consistent with the ALJ's RFC determination, properly accounted for Plaintiff's functional limitations. *See Timmons*, 522 F. App'x at 908 (noting "the ALJ's restriction to simple, one- and two-step instructions in her hypothetical question sufficiently accounted for [the claimant's] limitations in concentration, persistence, and pace"). Consequently, Plaintiff's contention that the ALJ presented the VE with an insufficient hypothetical is without merit. As such, the ALJ's decision is supported by substantial evidence, and consistent with the holdings in *Winschel* and its progeny.

## CONCLUSION

Accordingly:

1. The decision of the Commissioner is **AFFIRMED**.

2. The Clerk of Court is directed to enter final judgment in favor of the Commissioner and close the case.

**ORDERED** in Tampa, Florida, on July 10, 2023.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record